NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE
# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ROBERT JOHNSON, *Appellant.*

No. 1 CA-CR 21-0335
FILED 1-19-2023

Appeal from the Superior Court in Navajo County
No. S0900CR201900854
The Honorable Dale P. Nielson, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Zhivago Law PLLC, Phoenix
By Kerrie M. Droban Zhivago
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge David D. Weinzweig delivered the decision of the Court, in which Judge Brian Y. Furuya and Judge Jennifer M. Perkins joined.

**W E I N Z W E I G**, Judge:

¶1   Robert Johnson appeals his conviction and sentence for one count of sexual conduct with a minor. Johnson's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), asking this court to search the record for fundamental error. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). Johnson raises several issues in his supplemental pro se brief. After carefully reviewing the record, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2   The victim in this case was the young daughter of Johnson's girlfriend. She reported to Winslow police in 2016 that Johnson had sexually molested her for five years, beginning when she was just seven. It happened when her mother was away.

¶3   The victim confronted Johnson on a police-recorded phone call in January 2017, and Johnson confided: "I am sorry I touched you. I'm sorry I made you touch me. I'm sorry I destroyed everything that you loved about life." He also apologized for "destroy[ing the victim] and ruin[ing]" her life, adding "I am ugly, I am the bad person." Johnson was arrested and indicted on six counts of sexual conduct with a minor. The State later secured an amended indictment in September 2019, removing two counts of sexual conduct with a minor and adding one count of continuous sexual abuse, committed from January 2005 to May 2010.

¶4   A five-day jury trial was held in June 2021. The victim and her mother testified for the State, along with the police detective assigned to the case. The State played the victim's confrontation call with Johnson for the jury. A dozen witnesses testified in Johnson's defense. The jury deliberated for two days and found Johnson guilty of one count of sexual conduct with a minor. The jury acquitted Johnson on the other three counts for sexual conduct with a minor; and it could not reach a verdict on the

count for continuous sexual abuse of a child, so the court declared a mistrial on that count.

**¶5**        Johnson was sentenced to life with parole-eligibility after 35 years. He received 988 days of pre-incarceration credit. He timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031 and -4033(A)(1).

## DISCUSSION

**¶6**        We have read and considered counsel's avowals and have reviewed the record for reversible error. *See Leon*, 104 Ariz. at 300. We find none. Johnson was present and represented by counsel at all stages of the proceedings. The record reflects that the superior court afforded all constitutional and statutory rights to Johnson, and the proceedings comported with the Arizona Rules of Criminal Procedure. The court conducted appropriate pretrial hearings, and the evidence presented at trial and summarized above was sufficient to support the jury's verdict. Johnson's sentence falls within the range prescribed by law, and sufficient credit was given for presentence incarceration.

**¶7**        Johnson raises several issues in his pro se brief, which we address in turn.

*I.      Malicious Prosecution*

**¶8**        Johnson first argues the police and prosecutor targeted him because of his law enforcement background, which he characterizes as "malicious[] prosecut[ion]." Johnson claims he offered to speak with the police, but they declined his offer, and the police's "one and only action in [the] case was to 'set up' a confrontation call." But the State "'does not have an affirmative duty to seek out and gain possession of potentially exculpatory evidence,' nor does it have a duty to gather evidence for a defendant to use in establishing a defense." *State v. Hernandez*, 250 Ariz. 28, 31, ¶ 11 (2020) (quoting *State v. Rivera*, 152 Ariz. 507, 511 (1987)). And this is not the proper forum to bring a malicious prosecution claim. *See Chalpin v. Snyder*, 220 Ariz. 413, 418–19, ¶ 20 (App. 2008) (malicious prosecution claim requires that respondent "instituted a *civil action*" with malice and without probable cause) (emphasis added). We reject Johnson's malicious prosecution argument.

*II.     Judicial Bias*

**¶9**          Johnson next claims judicial bias based on a series of statements from the superior court judge. "A trial judge is presumed to be free of bias and prejudice." *State v. Granados*, 235 Ariz. 321, 326, ¶ 14 (App. 2014) (quoting *State v. Ramsey*, 211 Ariz. 529, 541, ¶ 38 (App. 2005)). To rebut this presumption, Johnson needed to show that the court evinced "a hostile feeling or spirit of ill-will, or undue friendship or favoritism." *See State v. Myers*, 117 Ariz. 79, 86 (1977). He does not. Johnson admits he has not reviewed the transcripts, and our search of the record unearths no such statements or implications.

*III.     Influencing Jury Deliberations*

**¶10**          Third, Johnson contends the superior court "forced the jury to make a hasty decision" when it asked the jurors if they were at an impasse after ten hours of deliberation. We view "the actions of the judge and the comments made to the jury based on the totality of the circumstances[,] attempt[ing] to determine if the independent judgment of the jury was displaced." *State v. Huerstel*, 206 Ariz. 93, 97, ¶ 5 (2003).

**¶11**          Johnson's argument does not persuade. The jury told the court it had reached an impasse, defense counsel did not object, and the court did not know how the jurors were divided. *See State v. Kuhs*, 223 Ariz. 376, 385–86, ¶¶ 44–50 (2010) (the court's actions were not coercive when it gave impasse instructions after the jury indicated it had reached an impasse, counsel did not object to the instructions, and the judge did not know the split). Moreover, the superior court admonished the jury not to "take anything from what I'm saying to suggest that you need to stop [deliberating]."

**¶12**          Johnson points to comments the court made outside the presence of the jury, but these would have no bearing on the jury's deliberations. Accordingly, we reject Johnson's argument that the court improperly influenced jury deliberations or coerced the jury verdict.

*IV.     Amending the Indictment*

**¶13**          Johnson next argues the court erroneously granted the State's request to amend the dates and charges of the indictment. We review that order for an abuse of discretion, *see State v. Buccheri–Bianca*, 233 Ariz. 324, 329, ¶ 16 (App. 2013); and because Johnson's counsel objected to the amendment, we review for harmless error, *see State v. Henderson*, 210 Ariz. 561, 567, ¶ 18 (2005).

**¶14** An amendment to an indictment is permitted if it "does not change the nature of the offense charged or prejudice the defendant in any way." *State v. Jones*, 188 Ariz. 534, 544 (App. 1996), *abrogated on other grounds by State v. Ferrero*, 229 Ariz. 239, 242, ¶ 11 (2012). Changing the dates on an indictment does not change the nature of the offense; thus, the court did not err in declining to dismiss the case on this ground. *See id.*

**¶15** The substantive amendment presents a different question. A "grand jury indictment limits the trial to the specific charge or charges stated in the . . . grand jury indictment." Ariz. R. Crim. P. 13.5(b). "When the elements of one offense materially differ from those of another—even if the two are defined in subsections of the same statute—they are distinct and separate crimes." *State v. Freeney*, 233 Ariz. 110, 113, ¶ 16 (2009). An indictment may be amended "only to correct mistakes of fact or remedy formal or technical defects." Ariz. R. Crim. P. 13.5(b).

**¶16** The superior court granted the State's request to add a claim for continuous sexual abuse of a child. But the jury acquitted Johnson of that charge, so any error was harmless. *See Freeney*, 223 Ariz. at 114, ¶ 26 (a defendant is "necessarily and actually prejudiced" if the amendment results in deprivation of constitutionally adequate notice of the amended charges).

*V.     Rule 8 Violations*

**¶17** Finally, Johnson argues the court erred by declining to dismiss the indictment for Rule 8 violations. *See* Ariz. R. Crim. P. 8. We review a superior court's Rule 8 rulings for an abuse of discretion. *State v. Spreitz*, 190 Ariz. 129, 136 (1997).

**¶18** Rule 8.2 requires a court to hold a trial within "150 days after arraignment" if the defendant is in custody. Ariz. R. Crim. P. 8.2(a)(1). This time is subject to excludable periods, including delays "caused by or on behalf of the defendant." Ariz. R. Crim. P. 8.4(a)(1).

**¶19** Johnson was arraigned on September 30, 2019, and the jury trial was set for Wednesday, February 26, 2020—exactly 149 days from the date of arraignment. *See* Ariz. R. Crim. P. 1.3(a) (computation of time). When that day arrived, the jury was unable to be empaneled due to the COVID-19 pandemic, so the trial was delayed. The remaining delays were unavoidable—either occasioned by the pandemic or requested by defense counsel. *See* Ariz. R. Crim. P. 8.4(a)(1). And Johnson was released from custody on March 2, 2020, a little more than a year before trial took place. The court did not violate Rule 8.2.

**CONCLUSION**

**¶20** We affirm Johnson's conviction and sentence. Counsel's obligations in this appeal will end once Johnson is informed of the outcome and his future options, unless counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). On the court's own motion, Johnson has 30 days from the date of this decision to proceed with a pro se motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:   AA